UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-742

| | | |
|---|---|---|
| **SERGIO JAMIE CARRERA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 7) and Commissioner's Motion for Summary Judgment (Doc. No. 9). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.**  **Administrative History**

Plaintiff Sergio Jamie Carrera ("Carrera" or "Plaintiff") initially filed his application for Disability Insurance Benefits on July 12, 2013, alleging a disability onset date of September 15, 2012. After Plaintiff's claim was denied both initially and on reconsideration, he requested and was granted a hearing before Administrative Law Judge Campbell ("the ALJ"). After reviewing the record and conducting a video hearing, the ALJ issued a decision on May 23, 2016, that was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. The Appeals Council denied review on September 25, 2016, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

1

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision and the denial of review by the Appeals Council.

## II.     Factual Background

In her decision, the ALJ at the first step determined that Plaintiff has not engaged in substantial gainful activity since his alleged onset date (Tr. 26). At the second step, the ALJ concluded that Plaintiff has the following combination of severe impairments: degenerative disc disease status post spinal fusion, obstructive sleep apnea, and chronic obstructive pulmonary disease (COPD). (*Id.*). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 27).

The ALJ then found that Plaintiff has the residual functional capacity (RFC) to perform medium work with the following limitations:

> [He] can never climb ladders, ropes, or scaffolds or be exposed to unprotected heights. He can frequently climb ramps or stairs. He can occasionally stoop, kneel, crouch, or crawl. He must avoid concentrated exposure to dust, fumes, and pulmonary irritants. He requires a sit-stand option allowing him to shift position on an hourly basis.

(Tr 27–28). Based on these limitations, the ALJ found in the fourth step that Plaintiff is capable of perform his past relevant work as a lieutenant. (Tr. 31). And, alternatively, at the fifth step the ALJ concluded that there are also other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including Assembler and Hand packager. (Tr. 32–33). Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990). Review by a federal court is not de novo, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Discussion

Plaintiff raises three alleged errors requiring reversal of the Commissioner's determination that he is not disabled under the Act: (1) that the ALJ improperly found that Plaintiff has an RFC to perform medium work, (2) that the ALJ misapplied the Medical-Vocational Guidelines in finding that Plaintiff is capable of performing his past relevant work, and (3) that the Appeals Council erred in failing to find that the opinion of Plaintiff's treating physician is new and material evidence justifying a reversal of the ALJ's decision.

### A. RFC Determination

Plaintiff claims that the ALJ improperly found that he has an RFC to perform medium work. Plaintiff presents three arguments supporting his theory that the evidence submitted requires a finding that Plaintiff is only capable of performing a reduced range of light work.

First, Plaintiff alleges that the ALJ made an error of law by finding him capable of medium work while simultaneously limiting him to occasional stooping, kneeling, crouching, and crawling, and finding that a sit/stand option is necessary. In support of this claim, Plaintiff cites Social Security Regulations that define medium work as requiring the capacity to stand or walk for prolonged periods of time and to frequently stoop and crouch. SSR 83-10; SSR 85-15.

Plaintiff's argument misunderstands the nature of the ALJ's RFC determination. The

RFC begins with the finding of Plaintiff's physical exertion abilities, which the ALJ finds to include performing medium work. Plaintiff correctly notes that the full range of medium work does require the capacity to stand or walk for extended periods of time and to frequently stoop and crouch, beyond the base requirements of being able to lift a maximum of 50 pounds and lift 25 pounds frequently. 20 C.F.R. § 404.1567(c). However, an ALJ may impose additional limitations in the RFC that recognize that a claimant is unable to perform the full range of medium work. Here, the ALJ did so by imposing additional limitations on Plaintiff's ability to stoop, kneel, crouch, or crawl and by requiring a sit-stand option on an hourly basis. (Tr. 28). And these limitations were taken into account by the Vocational Expert ("VE") when the VE testified that Plaintiff was capable of performing past relevant work and other jobs that exist in significant numbers in the national economy. (Tr. 65, 70).

Second, Plaintiff argues that the ALJ did not give adequate credibility to Plaintiff's subjective testimony that he is in chronic severe pain and only able to lift a maximum of 20 pounds. "[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process" requiring: (1) "objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*;'" and (2) an evaluation of "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Craig v. Chater*, 76 F.3d 585, 594–95 (4th Cir. 1996) (emphasis in original) (quoting 20 C.F.R. § 416.929(b)). In the second step, the ALJ must consider the following: (a) a claimant's testimony and other statements concerning pain or other subjective complaints; (b) a "claimant's medical history, medical signs, and laboratory findings;" (c) "any objective medical evidence of pain;" and (d) "any other evidence relevant to the severity of the

impairment, such as evidence of the claimant's daily activities, specific descriptions of pain, and any medical treatment taken to alleviate it." *Id.* at 595; 20 C.F.R. § 404. 1529(c); SSR 96-7p.

The ALJ held that the first step was satisfied, finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 28). However, he found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). In making this assessment, the ALJ relied on Plaintiff's own testimony that he reported that he was doing "great" after his second surgery, could "concentrate fully . . . with no difficulty," and could "engage in most, but not all, of [his] recreation activities because of pain in [his] neck." (Tr. 29). Further, Plaintiff reported "extensive" activities of daily living that the ALJ found to be "inconsistent with debilitating conditions and allegations that he has been unable to work." (Tr. 30).

Additionally, the ALJ gave "considerable weight" to the opinions of Dr. Linster and Dr. Huynh in assessing Plaintiff's credibility. Dr. Linster found that Plaintiff's claims about his pain were "partially credible," that his stated maximum weight he could carry was "not credible," and that the symptoms were less severe than Plaintiff reported. (Tr. 92). Dr. Huynh similarly found that Plaintiff has only "mild postural limitations and mild impairment in the ability to sit, stand, lift, and carry." (Tr. 31). Plaintiff argues that the assessment of Dr. Young, Plaintiff's treating physician, supports his statements regarding his exertional limitations. However, this evidence was not in the record at the time of the ALJ's hearing. Thus, the ALJ could not have relied upon it in assessing Plaintiff's subjective claims.[1]

---

[1] Plaintiff's related argument that the Appeals Council erred by not considering this assessment to be new and material evidence justifying a change in the ALJ's decision is discussed in Part C, below.

Finally, Plaintiff argues that the ALJ erred by equating the ability to engage in activities of daily living with the ability to work full-time. However, the ALJ's opinion is clear that Plaintiff's daily activities were considered as just one piece of his analysis. The ALJ discussed them only after assessing Plaintiff's "objective medical findings and treatment history," and he continued to assess opinion evidence of the relevant physicians after reviewing Plaintiff's daily activities. And as noted above, a claimant's activities of daily living are a relevant factor in assessing the intensity, persistence, and limiting effects of medical symptoms. *Chater*, 76 F.3d at 595; 20 C.F.R. § 404.1529(c).

Accordingly, the ALJ's RFC determination applied the correct legal standards and is supported by substantial evidence.

**B. Capability of Performing Past Relevant Work**

Plaintiff's second claim is that the ALJ misapplied the Medical-Vocational Guidelines in finding that Plaintiff is capable of performing his past relevant work.

"Once the ALJ has determined the claimant's RFC, the ALJ then proceeds to step four, where the burden rests with the claimant to show that he is not able to perform his past work." *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016). "The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" SSR 82-62.

Plaintiff's second claim of error builds upon his first claim—that his correct RFC is a capacity to perform light work with certain limitations. However, as addressed above, the ALJ correctly limited Plaintiff to medium work with additional limitations. Although the Dictionary of Occupational Titles ("DOT") classifies Plaintiff's prior work as a lieutenant at the light

exertional level, the VE classified his work as previously performed at the medium exertional level. (Tr. 64–66). Based on the limitations given by the ALJ in the hypothetical question to the VE (which mirror the RFC), the VE found that a person with those limitations could perform the work as a lieutenant both as generally performed and as actually performed by Plaintiff in his prior employment.

The VE relied upon the DOT and past experience in rendering this opinion, and the ALJ followed the correct legal framework in relying on it to determine that Plaintiff is capable of performing his past work in step four.

### C. New and Material Evidence

Plaintiff's final claim is that the Appeals Council erred by not finding that the opinion of Dr. Young is new and material evidence justifying a change in the ALJ's decision.

After the ALJ rendered her decision, Plaintiff submitted to the Appeals Council a "Medical Source Statement of Ability to do Work-Related Activities (Physical)" completed by Dr. Young. Dr. Young is Plaintiff's treating physician, and Dr. Young's opinion provides evidence that Plaintiff can stand or walk for at least two hours a day and can sit for less than six hours a day, that Plaintiff can frequently lift a maximum of 20 pounds, and that Plaintiff can only occasionally climb, kneel, crawl, and stoop. The Appeals Council made this statement and two other pieces of new evidence part of the record, but ultimately concluded that the evidence did not provide a basis for changing the ALJ's decision.

Claimants can submit "new and material" evidence for consideration to the Appeals Council pursuant to 20 C.F.R. § 404.970(a)(5). The Appeals Council is not required to do anything more than "consider new and material evidence in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dept. of Health &*

*Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991)).  The Appeals Council will review an ALJ's decision if the additional evidence is (1) new, (2) material, and (3) "relates to the period on or before the date of the hearing decision," so long as (4) "there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. § 404.970(a)(5).

However, the Appeals Council will only consider additional evidence if the claimant shows good cause for not submitting the evidence into the record prior to the date of the hearing.  *Id.* § 404.970(b); *White v. Colvin*, No. 3:15-cv-197, 2016 WL 3381265, at *3 (W.D.N.C. 2016) ("However, even if we assume that both of these documents were new and material, Plaintiff still must show good cause for why this evidence was not presented earlier.").

Dr. Young's statement is dated August 15, 2013.  The ALJ's hearing was held on May 10, 2016.  Thus, the statement was available prior to the date of the hearing.  Plaintiff has not provided any rationale to this Court for why the statement was not initially provided to the ALJ prior to the hearing.  Nor did Plaintiff provide any rationale in its correspondence with the Appeals Council for why the statement was not previously included.  (Tr. 19–20).  Thus, Plaintiff has not shown good cause for not previously submitting the evidence into the record, and the Appeals Council correctly denied to review the ALJ's decision based on new evidence.

**V.   Conclusion**

For the foregoing reasons, the Court finds that the ALJ followed proper legal standards and that his decision is supported by substantial evidence.

Accordingly, Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 7) is **DENIED**, the Commissioner's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**, and the decision of the Commissioner that Plaintiff was not disabled within the meaning of the Act is **AFFIRMED**.

    **SO ORDERED**.

Signed: January 23, 2018

Graham C. Mullen
United States District Judge